CURRIE v. JONES.

(Filed April 18, 1905.)

*Shares of Stock—Injunction Against Transfer—Equitable Remedy.*

An application for an injunction against disposing of shares of stock in a corporation differs from an application to restrain the transfer of ordinary personal property; the equitable remedy as to such property is more beneficial and complete than any the law can give, and the injunction should be continued to the final hearing, where necessary to fully protect the rights and interests of all parties.

ACTION by J. A. Currie and another against M. L. Jones, pending in the Superior Court of MONTGOMERY County, heard by *Judge M. H. Justice* by consent, at Chambers, in the City of Charlotte, on the 13th day of February, 1905. From an order dissolving a temporary restraining order and denying the motion of plaintiffs to continue the same till the final hearing, the plaintiffs appealed.

*Adams, Jerome & Armfield* and *W. J. Adams* for plaintiffs.
*E. E. Raper* and *C. W. Tillett* for the defendant.

*Per Curiam*: The plaintiffs bring this action for the recovery of forty-four thousand four hundred and fifty-four shares of the capital stock of the Iola Mining Company, now admitted to be in the possession of the defendant, as well as

for an accounting for the dividends and profits accruing thereon. It appears that a restraining order was issued enjoining the defendant from disposing of the shares of stock, which order was returnable on February 13, 1905, before *Judge Justice.* At the hearing he dissolved the restraining order and denied the motion of the plaintiffs to continue the same till the final hearing.

The subject of the litigation, being shares of stock in a corporation differs, in so far as injunctive relief is concerned, from ordinary personal property. 2 Story Eq. 907; 2 Dan. Ch. Pl. & Pr. 1652. In relation to such property the equitable remedy is more beneficial and complete than any the law can give. *Osborne v. U. S. Bank,* 22 U. S., 845.

We are of opinion that the present status of the shares of stock should be preserved pending the trial of the issues raised by the pleadings, so that in case of recovery by the plaintiffs their victory may not be a barren one. After a careful examination and consideration of the pleadings and of the several affidavits and exhibits in the record we are of opinion that, in order to fully protect the rights and interests of all parties, the injunction should be continued till the final hearing provided the plaintiff's execute and file a good bond in a sum sufficient to indemnify and save harmless the defendant from any damage accruing by reason of the continuance in force of the injunction order until the final hearing. The order should provide further that at any time, upon reasonable notice to the plaintiffs or their counsel, the defendant shall have the right to have the injunction order dissolved and the stock released from its operation, upon filing with the clerk of the Superior Court of Montgomery County a good and sufficient bond, in such sum as the judge of the Superior Court may name, conditioned to pay such sum, as the value of said stock may be ascertained and adjudged to be, in case the plaintiffs should recover the same, or to deliver said stock and account for any profits or divi-

dends accruing thereon, and to abide by and fully perform and discharge the final judgment of the court, in this action.

The cause is remanded to the Superior Court of Montgomery County with leave to the parties to apply at once to the judge of the Superior Court, having jurisdiction, for the necessary orders in accordance with this opinion.

Lēt the costs of this appeal be taxed equally between the plaintiffs and the defendant.

Reversed and Remanded.